**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

ADRIANA QUIROZ ZAPATA                    CIVIL ACTION NO. 26-1189

VERSUS                                   JUDGE S. MAURICE HICKS, JR.

BRIAN ACUNA, ET AL.                      MAGISTRATE JUDGE AYO

**MEMORANDUM ORDER**

Before the Court is an Emergency Application for Temporary Restraining Order (Record Document 3) filed by the habeas petitioner in this case, Adriana Quiroz Zapata ("Petitioner").  Petitioner is a 53-year-old national of Columbia.  See id. at 5.  She first entered the United States in 2021 with the intention of seeking asylum.  See id. Petitioner's claim was not found credible and she was issued a final order of removal to Columbia in November 2021.  See id.  On August 28, 2024, Petitioner re-entered the United States "in search of protection [from her former partner] and to reunited with her only remaining family members residing outside Columbia."  Id. at 6.  Following her re-entry, Petitioner was determined to have established a credible claim of persecution and passed her Reasonable Fear Interview.  See id.  On February 18, 2025, she appeared for a final hearing on the merits of her protection claim before an immigration judge at the El Paso Detained Immigration Court.  See id.  On February 21, 2025, the immigration judge issued a written decision granting Petitioner's relief in the form of withholding of removal under the Convention Against Torture.  See id.  Petitioner was subject to mandatory 90-day post-removal detention period.  See id.  She remains in ICE custody. See id. at 10.

On April 14, 2026, Petitioner filed an Emergency Petition for Writ of Habeas Corpus (Record Document 1) along with the instant Emergency Application for Temporary Restraining Order. In the Habeas Petition, Petitioner challenges the legality of her continued detention under the Fifth Amendment and other statutes. <u>See</u> Record Document 1 at 18-21. She asks the Court to "issue a Writ of Habeas Corpus, ordering Respondents to immediately release [her] from custody on reasonable conditions of supervision, to her family in New Jersey." <u>Id.</u> at 22. Likewise, in the instant Motion, Petitioner seek "temporary legal protection," which she explains in her proposed order as a request for Respondents to release her in a public space. Record Document at 2, 6.

Petitioner's request in the instant Motion is one for injunctive relief. An applicant for a Temporary Restraining Order ("TRO") must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. <u>See</u> <u>Misquitta v. Warden Pine Prairie ICE Processing Center</u>, 353 F. Supp. 518, 521 (W.D. La. Nov. 16, 2018) (citing <u>Piedmont Heights Civic Club, Inc. v. Moreland</u>, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. <u>See</u> <u>Moore v. Brown</u>, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. <u>See</u> <u>Albright v. City of New Orleans</u>, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); <u>see also</u> <u>Suburban Propane, L.P. v. D & S GCTX LLC</u>, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); <u>see</u>

also <u>Anderson v. Jackson</u>, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

In this case, Petitioner seeks injunctive relief that mirrors the relief requested in her Habeas Petition, that is, immediate release.  In <u>Pema Sherpa v. Judith Almodovar, et al.</u>, another judge within this District decided a similarly situated case, stating:

> The Supreme Court, very recently, reminded lower courts that preliminary injunctions are, as their name suggests, preliminary and should "not conclusively resolve legal disputes." <u>Lackey v. Stinnie</u>, 604 U.S. 192, 200 (2025).  In other words, they should not be used to rule on the final, merits question.
> Rather, TROs and preliminary injunctions help "preserve the status quo until a trial" or other final disposition is rendered.  Id. at 193. That begs the question: what does it mean to preserve the status quo? While the words "status quo" do not appear within Rule 65 . . . , it is implicit in the "irreparable harm" prong.  . . .  Irreparable harm must also take away "the court's ability to render a meaningful decision on the merits." <u>Canal Auth. of the State of Florida v. Callaway</u>, 489 F.2d 567, 573 (5th Cir. 1974); <u>see also</u> Samuel L. Bray, The Purposes of the Preliminary Injunction, 78 Vand. L. Rev. 809, 823–26 (2025) (concluding the same after probing Founding-era sources). Put differently, "[t]here is always a status quo. There should not be a preliminary injunction to protect it, however, unless the court's ability to render a meaningful decision on the merits would otherwise be in jeopardy." <u>Callaway</u>, 489 F.2d at 573.

No. 3:25-CV-01718 SEC P, 2026 WL 74401, at *2 (W.D. La. Jan. 9, 2026).  A ruling on the instant Motion should not resolve the legal disputes in this case.  Thus, to the extent Petitioner asks for an order of immediate release from custody, the Court views this request as an improper effort to obtain a ruling on the merits of her Habeas Petition through injunctive relief.  Petitioner's motion for injunctive relief is essentially a motion to decide the habeas petition now.  <u>See</u> <u>Garcia-Aleman v. Thompson</u>, No. SA-25-CV-00886-OLG-HJB, 2025 WL 3769302, at *1 (W.D. Tex. Oct. 30, 2025).

Accordingly,

**IT IS ORDERED** that Petitioner's Emergency Application for Temporary Restraining Order (Record Document 3) is hereby **DENIED**.  Additionally, because the Court finds this matter warrants expedited consideration, this case is **REFERRED** to Magistrate Judge Ayo for expedited briefing.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 15th day of April, 2026.

_____

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE